Wheeler, J.
The present appears to have been a commercial partnership. The partners not joined were dormant partners, who were not privy to the contract. And it appears to be well settled that a dormant partner not privy to the contract need not be joined with the ostensible contracting party in an action like the present. This principle is expressly admitted in the case of Speake v. Prewitt, (6 Tex. R.,) and it appears to be tlie well-settled doctrine of the law on this subject. (Story on Partnership, sec. 241, n. 1, 2d edit.; 3 Kent’s Com., 31, n. a, 5th edit.; 1 Chit. Pl., 12, n. 1, 10th Am. edit., and cases cited.
The present being a commercial partnership, the doctrine as to dormant partners applies.
Tlie provision of theaet of 1846, (Hart. Dig., art. 671,) to which reference was-made in argument, has no relation to the question in this case. The statute requires that the petition shall set forth the names of the parties, but it does-not prescribe who shall be made parties to a suit. The question here is not *57 whether the names of the parties must be set forth in the petition — that does not admit of a question — but who are the proper parties to the suit. That question, as we have seen, is determined by the rule of law on that subject.
The act ‘“for the regulation of partnerships ” (Hart. Dig., p. 796) has no relation to a ease like the present.
We are of opinion that there is no error in the judgment and that it be-affirmed.
Judgment affirmed.